# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KIRK BELL (# 225904)**                                     **CIVIL ACTION**

**VERSUS**

**SEC. JAMES LEBLANC, ET AL.**                       **NO. 17-0671-BAJ-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 22, 2019.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KIRK BELL (# 225904)**                                            **CIVIL ACTION**

**VERSUS**

**SEC. JAMES LEBLANC, ET AL.**                          **NO. 17-0671-BAJ-EWD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are two Motions to Dismiss, one filed on behalf of defendants Secretary James M. LeBlanc and Warden Darrel Vannoy,[1] and another filed on behalf of defendant Jerry Hancock (the "Motions").[2] In response to these Motions, Plaintiff has filed a First Amended Complaint,[3] which seeks to clarify his allegations and correct at least some of the deficiencies highlighted in the Motions. For the reasons that follow it is recommended that the Motions be denied without prejudice.

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, originally filed this action pursuant to 42 U.S.C. § 1983 against Secretary James M. LeBlanc ("LeBlanc"), Warden Darrell Vannoy ("Vannoy"), Sgt. Jerry Hancock ("Hancock"), and "Lt. T. Burns" alleging that his constitutional rights were violated when he was attacked by another inmate on December 21, 2016.[4] While Plaintiff's original Complaint did not contain any specific factual allegations with regard to LeBlanc, Vannoy and/or Hancock, Plaintiff's First Amended Complaint supplements his factual allegations regarding his failure to protect claim,[5] including the following specific factual allegations against LeBlanc and Vannoy:

---

[1] R. Doc. 19.
[2] R. Doc. 27.
[3] R. Doc. 28-1.
[4] R. Doc. 1, ¶ IV.
[5] Plaintiff's First Amended Complaint also adds Tim Delaney, Joe Lamartiniere, and "John/Jane Doe #1 as defendants.

> Defendant LeBlanc, Vannoy, Delaney, Lamartinere and John/Jane Doe No. #1, had and have knowledge of potential danger to plaintiff because of numerous prior grievances, disciplinary actions and civil actions, etc. (common knowledge), even communication with fellow co-workers. These defendants failed to give plaintiff a job change, nor took any other action to prevent his attack, nor to perserve [sic] his personal safety.

Plaintiff's First Amended Complaint is also replete with allegations against Sgt. Hancock, including that Sgt. Hancock: allowed (accidentally or intentionally) two maximum security offenders to be out of their cells at the same time plaintiff was on the tier; "failed to give plaintiff a direct-verbal order to exit the tier's Hallway into the lobby to safety, in which also broke security protocol;" "knew of the potential dangers to tier walkers/nurses Aids [sic], and dangers to security personel [sic] through his training at the Academy and/or Orientation session from supervisors/superiors and/or other security co-workers on staff (common knowledge), of past incidents involving injuries sustained by both tierwalkers/nurses Aids [sic], and personel [sic];" and "knew of the substantial risk, and failed to take reasonable action to warn plaintiff."[7]

Considering the filing of Plaintiff's First Amended Complaint and considering that the supplemented factual allegations therein may to a large extent address and/or correct the deficiencies asserted to exist in Plaintiff's pleadings, and may therefore obviate the need for the Court to address some or all of Defendants' contentions in the pending Motions to Dismiss, the Court believes it appropriate, in the interest of judicial efficiency, to deny Defendants' pending Motions to Dismiss, without prejudice to the filing of additional motions that may narrow some or all of the issues in this case upon service of Plaintiff's First Amended Complaint.

---

[6] R. Doc. 28-1, p. 9.
[7] R. Doc. 28-1, pp. 5-9.

3

## **RECOMMENDATION**

**IT IS RECOMMENDED** that the Motion to Dismiss filed on behalf of Secretary James M. LeBlanc and Warden Darrel Vannoy,[8] and the Motion to Dismiss filed on behalf of Sgt. Jerry Hancock,[9] be **DENIED WITHOUT PREJUDICE**, and that this matter be referred to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on January 22, 2019.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] R. Doc. 19.
[9] R. Doc. 27.