## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KIRK M. BELL (#225904)**                          **CIVIL ACTION NO.**

**VERSUS**                                          **17-671-BAJ-EWD**

**JAMES M. LeBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 18, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KIRK M. BELL (#225904)**                                      **CIVIL ACTION NO.**

**VERSUS**                                                              **17-671-BAJ-EWD**

**JAMES M. LeBLANC, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment ("Motion"),[1] filed on behalf of James LeBlanc, Darryl Vannoy, Timothy Delaney, Joseph Lamartiniere, and Jerry Hancock (collectively "Movants"). The Motion is opposed[2] and Defendants have filed a reply.[3] For the following reasons, it is recommended that the Motion be granted dismissing all claims against Movants and that Plaintiff's claims against John/Jane Doe #1 be dismissed *sua sponte*.

### I.    Background

Kirk M. Bell ("Plaintiff"), an inmate confined in the Louisiana State Penitentiary in Angola, Louisiana, filed suit pursuant to 42 U.S.C. § 1983 against James M. LeBlanc ("LeBlanc"), Darrell Vannoy ("Vannoy"), Jerry Hancock ("Hancock"), Tim Delaney ("Delaney"), Joe Lamartiniere ("Lamartinere") and John/Jane Doe #1 ("Defendants").[4] As the evidence must be viewed in the light most favorable to Plaintiff, the non-movant, the Court accepts the following facts alleged by Plaintiff, which are undisputed:  On December 21, 2016, while Plaintiff was performing his duties as a tier walker, a maximum security inmate, Keith Kisack ("Kisack"), attacked Plaintiff.[5] Kisack struck Plaintiff with a lock and restraint causing Plaintiff to suffer from

---

[1] R. Doc. 44.
[2] R. Doc. 45.
[3] R. Doc. 48.
[4] Plaintiff originally named LeBlanc, Vannoy, Hancock, and Lt. T. Burns as defendants. R. Doc. 1. Through an amended complaint, Plaintiff removed Lt. T. Burns as a defendant and added Delaney, Lamartiniere, and John/Jane Doe #1. R. Doc. 32.
[5] R. Docs. 1, p. 4; 32, p. 3; R. Doc. 44-1, ¶ 17.

a gash over his right eye, a busted lip, loose teeth, jaw soreness, and a knot on the back of the head.[6] Plaintiff alleges Hancock failed to protect him from Kisack during this incident because Hancock should have been aware of the possibility of an attack as similar incidents had occurred against other tier walkers and officers.[7] Plaintiff alleges that Hancock was inattentive.[8] Plaintiff further alleges that two maximum security inmates were walking about the tier at the same time as Plaintiff, which is against security protocol.[9]

Plaintiff claims the remaining Defendants are liable for failing to supervise and/or failing to grant Plaintiff relief in the grievance procedure.[10] Specifically, Plaintiff names Delaney as the individual who denied Plaintiff's grievance regarding the incident at the first step.[11] Plaintiff alleges Lamartiniere erroneously approved Delaney's denial of Plaintiff's grievance.[12] Plaintiff further avers that John/Jane Doe # 1 erroneously denied Plaintiff's request for administrative remedy at the second step, and James LeBlanc approved this denial.[13] Plaintiff alleges because Defendants failed to grant him relief during the administrative remedy process, specifically by failing to change Plaintiff's job assignment, Plaintiff was again attacked while performing his duties on March 1, 2017.[14] However, Plaintiff makes clear that this separate incident occurring on March 1, 2017 is **not** a subject of this Complaint.[15] Plaintiff seeks declaratory, injunctive, and monetary relief.[16]

---

[6] R. Doc. 1, p. 4.
[7] R. Doc. 32, p. 4. Plaintiff also makes mention of an incident, which occurred in March 2017; however, he makes clear that he is not pursuing any claims arising out of that incident in this suit and is pursuing that claim in a different suit.
[8] R. Doc. 32, p. 4.
[9] R. Doc. 32, p. 6.
[10] R. Doc. 32, p. 9.
[11] R. Doc. 32, p. 4.
[12] R. Doc. 32, p. 5.
[13] R. Doc. 32, p. 5.
[14] R. Doc. 32, p. 5.
[15] R. Doc. 32, p. 5.
[16] R. Doc. 32, pp. 9-10.

**II.    Law & Analysis**

    **A.  Standard of Review**

It is well-established that summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[17] A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[18] If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[19] Rule 56 requires that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[20] In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party, and may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[21]

    **B.  "Affidavit" Submitted by Plaintiff**

The only "evidence" submitted by Plaintiff in response to the Motion is a document, which purports to be an affidavit.[22] This document is not a proper affidavit because it is not based on the affiant's personal knowledge.[23] Rather than setting out facts pertinent to the case in his affidavit,

---

[17] Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).
[18] *Celotex Corp.*, 477 U.S. at 323.
[19] *Anderson*, 477 U.S. at 248.
[20] *Celotex Corp.*, 477 U.S. at 323.
[21] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).
[22] R. Doc. 45-2.
[23] *See Nisiewicz v. Lovett*, Civil Action No. 11-159, 2012 WL 170171, at *2 (M.D. La. Jan. 19, 2012).

3

Plaintiff critiques the affidavits submitted by Defendants. For example, Plaintiff makes statements such as "sentence number eleven of the defendant LeBlanc's sworn statement is false," referring to LeBlanc's statement that he did not engage in any conduct that compromised the safety and well-being of Plaintiff.[24] Plaintiff's affidavit also makes statements about knowledge he alleges Defendants had, but does not explain how Plaintiff knows Defendants had such knowledge. Accordingly, the affidavit is improper and cannot be considered as competent summary judgment evidence.

As Plaintiff's Complaint, as amended, is not verified, the factual information alleged is also not proper summary judgment evidence.[25] Even if the Complaint, as amended, were competent summary judgment evidence, Defendants would still be entitled to summary judgment, as discussed below.

### C. LeBlanc, Vannoy, Delaney, Lamartiniere and John/Jane Doe #1

#### 1. Supervisory Liability – Failure to Protect

The only Defendant Plaintiff has alleged directly participated in the conduct leading to the alleged attack is Hancock. Plaintiff alleges the other Defendants, including John/Jane Doe #1, are liable in their supervisory capacities. Supervisory officials may be held liable under § 1983 only if they actively participate in acts that cause the constitutional violation or implement unconstitutional policies that causally result in plaintiff's injury.[26] Any allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of

---

[24] R. Docs. 45-3, p. 1; 44-3, p. 3.
[25] *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994) (verified complaints may potentially be considered as competent summary judgment evidence to the extent the complaint comports with the affidavit requirements of Rule 56). Rule 56, in turn, requires that affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence," and make the allegations under penalty of perjury. *Id.*; Fed. Rule Civ. P. 56(c)(4).
[26] *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

4

vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983.[27] Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, an inmate plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.[28] A supervisor can be liable if he implements a policy so deficient that the policy itself may be seen as a repudiation of constitutional rights and as the moving force behind a constitutional violation.[29]

Plaintiff has not alleged the personal participation of any named Defendants, except for Hancock, in the attack. Moreover, Defendants have put forth affirmative evidence demonstrating their lack of personal participation in the December 21, 2016 incident.[30] Likewise, Plaintiff has not alleged the existence of any deficient policy that may be considered the driving force behind the alleged constitutional violation, nor has Plaintiff produced any evidence of such a policy. Accordingly, there is no basis for Plaintiff's claims against LeBlanc, Vannoy, Delaney, Lamartiniere, and John/Jane Doe #1 as to supervisory liability for failure to protect.

### 2. Administrative Remedy Procedure & Job Assignment

To the extent Plaintiff attempts to impose personal liability on LeBlanc, Vannoy, Delaney, Lamartiniere, and John/Jane Doe #1 for denying Plaintiff's grievances or for failing to change Plaintiff's job assignment, these claims also fail. An inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or

---

[27] *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").
[28] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).
[29] *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).
[30] R. Docs. 44-3, p. 3; 44-4, p. 3; 44-5, p. 2; 44-6, p. 2.

5

favorably resolved,[31] and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers*:[32]

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.[33]

Additionally, inmates are not constitutionally entitled to any particular job assignment or classification while they are confined in prison.[34] This Court has previously held that the assignment of an inmate to a tier walker job does not constitute a constitutional violation.[35] As Plaintiff's claims against LeBlanc, Vannoy, Delaney, Lamartiniere, and John/Jane Doe #1 for denying Plaintiff's grievances or for failing to change Plaintiff's job assignment do not rise to the level of constitutional violations, those claims should be dismissed.[36]

---

[31] *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007).
[32] 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance).
[33] *Id*. at 373-74.
[34] *Jasmine v. Cain*, Civil Action No. 12-743, 2014 WL 971989, at *4 (M.D. La. March 12, 2014), *citing Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995).
[35] *Barnes v. Cain*, Civil Action No. 12-756, 2013 WL 12155205, at *2 (M.D. La. March 18, 2013), *citing McGruder v. Phelps*, 608 F.2d 1023 (5th Cir. 1979).
[36] Although John/Jane Doe #1 have not been identified or properly served, dismissal on the Court's own motion is appropriate. The Court possesses the inherent authority to *sua sponte* dismiss a party or expand upon the grounds for dismissal urged by movants if the adverse parties receive notice and a chance to respond. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 66 F.3d 322 (5th Cir. 1995) (unpubl.) (district court *sua sponte* dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer). The Notice attached to this Report and Recommendation provides a 14-day period for Plaintiff to file objections, which is adequate notice to Plaintiff. *McCoy v. Wade*, No. 06-2292, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties). Because John/Jane Doe #1 is similarly situated to named defendants who filed the Motion, the defenses are also applicable to John/Jane Doe #1 and warrant dismissal of Plaintiff's claims against this Defendant. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (citations omitted).

### D. Hancock - Failure to Protect

Plaintiff alleges, and Defendants contest, that Hancock failed to protect him with regard to the December 21, 2016 attack, in violation of the Eighth Amendment.[37] Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates.[38] Although prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates,"[39] they "are not . . . expected to prevent all inmate-on-inmate violence."[40]

"Deliberate indifference" is the standard applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law.[41] An official acts with deliberate indifference if he is aware of an "excessive risk to inmate ... safety" and disregards that risk by failing to take steps to avoid it.[42] In other words, in order for there to be liability in connection with this cause of action, there must exist an intent on the part of security officers to cause the plaintiff harm or at least a conscious or callous indifference to the plaintiff's right to be protected from such harm.[43] The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.[44] Mere negligence is insufficient to establish a failure to protect claim,[45] as is "mere generalized knowledge that some prisoners may be dangerous …."[46] Instead, deliberate indifference requires a level of awareness of a specific risk based upon specific information.

---

[37] As discussed *supra*, Plaintiff has not alleged that any other Defendants directly participated in the alleged failure to protect Plaintiff with respect to the December 21, 2016 incident.
[38] *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986).
[39] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
[40] *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir 2003).
[41] *Farmer*, 511 U.S. at 837.
[42] *Id.*
[43] *Johnston*, 786 F.2d at 1259.
[44] *Farmer*, 511 U.S. at 837.
[45] *Id.* at 837.
[46] *Walker v. Davis*, No. 6:17cv166, 2019 WL 2465298, at *14 (E.D. Tex. Jan. 10, 2019).

General knowledge of general dangerousness or the like is insufficient to support a finding of deliberate indifference.[47] "Even general knowledge about a particular inmate's violent tendencies, without more specific information about the risk, does not rise to the requisite level of awareness necessary for a finding of deliberate indifference."[48]

Defendants have put forth affirmative and competent summary judgment evidence indicating that there was no reason for any of the named Defendants, including Hancock, to know that inmate Kisack posed any specific risk to Plaintiff. Kisack was not on Plaintiff's enemy list until after the December 21, 2016 incident.[49] Plaintiff was not on Kisack's enemy list prior to the December 21, 2016 incident,[50] and there is no evidence of any prior confrontations between Kisack and Plaintiff. Hancock also submitted a sworn statement that he had no reason to believe that Plaintiff and inmate Kisack were known enemies or that inmate Kisack presented a substantial risk of harm to Plaintiff.[51]

Plaintiff does not allege that Hancock should have known of a particular risk caused to Plaintiff by Kisack.[52] Rather, Plaintiff complains about the generally dangerous nature of being a tier walker in the maximum-security section of LSP. Moreover, Plaintiff's assertions regarding the "dangerousness" of the section of the prison where he was assigned to be a tier walker are conclusory. If Plaintiff sought to bring a claim based on the dangerous nature of the maximum-security section of LSP, such a claim would require specific facts.[53] Though the Court may infer

---

[47] *Id. See also Van Williams v. Samaniego*, No. EP-05-CA-491, 2007 WL 9701460, at *3 (W.D. Tex. Feb. 22, 2007) ("General knowledge about another inmate's violent tendencies, without more specific information about the risk, does not rise to the requisite level of awareness necessary for a finding of deliberate indifference.").
[48] *Walker*, 2019 WL 2465298, at *14, *citing Van Williams v. Samaniego,* 2007 WL 9701460, at *3.
[49] R. Docs. 44-1, ¶26 and 44-8, p. 2.
[50] R. Docs. 44-1, ¶27 and 44-9, p. 2.
[51] R. Doc. 44-7, p. 3.
[52] In fact, Plaintiff acknowledges that none of Defendants, including Hancock were aware of Kisack's intentions to harm Plaintiff. R. Doc. 45, ¶ 7.
[53] Such a claim would be classified as a conditions of confinement claim and would require specific facts showing the conditions to which Plaintiff was subjected violated his Eighth Amendment rights. *See Williams v. Edwards*, 547

8

that the "maximum-security" section of the prison may be more dangerous than LSP overall, specific facts indicating the level of risk posed are required.[54] Facts that may support a such a claim include, for example, the number of injury-causing incidents occurring in the maximum-security section of LSP versus LSP as a whole, concrete examples of incidents similar to the incident at issue that allegedly occurred prior to Plaintiff's incident, number of deaths occurring in the maximum-security section, or number of stabbings in the maximum security area. Plaintiff has not provided such facts,[55] and the conclusory allegations provided are insufficient to defeat summary judgment.[56] Further, Plaintiff has failed to put forth any evidence to rebut the evidence presented by Defendants. Although Plaintiff provided a listing of "possibilities" and "suspicious factors" as to why Kisack was able to attack Plaintiff[57] and all inferences must be resolved in favor of the non-moving party, "unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."[58] Accordingly, because Defendants have put forth evidence that Hancock was not aware of a specific risk to Plaintiff posed by Kisack, and because Plaintiff has failed to provide competent summary judgment evidence to rebut Defendants' sworn statements, Defendants' Motion should be granted dismissing Plaintiff's claims against Hancock for failure to protect.

---

F.2d 1206 (5th Cir. 1997) (wherein the Fifth Circuit Court of Appeals concluded that the following conditions at LSP violated the Constitution: insufficient cell space resulting in an inability to segregate dangerous prisoners; 270 stabbings; 20 deaths; easy inmate access to weapons; lack of security personnel to confiscate weapons; fire and safety hazards; sanitations problems, including accumulation of sewage under the main kitchen and a serious rodent problem; lack of medical staff resulting in inmates administering treatments; unsanitary conditions; substandard equipment; and an untrained unlicensed pharmacist.).
[54] *Id.*
[55] Even if Plaintiff had included such statements in his facts, his claims would still fail considering that his Complaint is not verified.
[56] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[57] R. Doc. 32, p. 7. Plaintiff also disputes whether Kisack was on the phone prior to the attack, as stated by Hancock, but this fact is immaterial. (R. Doc. 45-3, p. 3).
[58] *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

### E. Failure to Follow Prison Procedures

Finally, to the extent it violated LSP's rules or procedures to have two maximum-security inmates walking the tier at the same time as Plaintiff, such violation fails to state a claim under § 1983. The failure of prison officials to follow prison rules or regulations does not amount to a violation of Plaintiff's constitutional rights.[59] Accordingly, Defendants are also entitled to summary judgment with respect to this claim.

### RECOMMENDATION

**IT IS RECOMMENDED** that the Motion for Summary Judgment filed on behalf of James LeBlanc, Darryl Vannoy, Timothy Delaney, Joseph Lamartiniere, and Jerry Hancock be **GRANTED** as a matter of law and that all claims against these defendants **be DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against John/Jane Doe #1 be **DISMISSED WITH PREJUDICE** *sua sponte*, as Plaintiff has failed to state a legally cognizable claim against John/Jane Doe #1.

**IT IS FURTHER RECOMMENDED** that this case be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on February 18, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[59] *Ellis v. Garcia*, 159 F.3d 1357, at *1 (5th Cir. 1998), *citing Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).